UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-CV-20434-RAR

**YONI REYES REYES**,

    Plaintiff,

v.

**U.S. CITIZENSHIP AND
IMMIGRATION SERVICES**,

    Defendant.
_____/

## ORDER REMANDING CASE TO USCIS

**THIS CAUSE** is before the Court on Plaintiff's Complaint and Petition for Hearing on Naturalization, [ECF No. 1], filed on January 29, 2025. Plaintiff alleges that Defendant United States Citizenship and Immigration Services ("USCIS") has failed to make a determination on Plaintiff's N-400 naturalization application within the 120 days since his initial examination, as required by law. *See* Compl. ¶¶ 14–17. Plaintiff asks the Court to adjudicate his naturalization application under 8 U.S.C. § 1447(b), which provides, in relevant part:

> If there is a failure to make a determination . . . before the end of the 120-day period after the date on which the examination is conducted . . . , the applicant may apply to the United States district court for the district in which the applicant resides for a hearing on the matter. Such court has jurisdiction over the matter and may either determine the matter or remand the matter, with appropriate instructions, to the Service to determine the matter.

8 U.S.C. § 1447(b).

As explicitly stated in the statute, in exercising its jurisdiction, the Court "may either determine the matter or remand the matter, with appropriate instructions, to [USCIS] to determine the matter." 8 U.S.C. § 1447(b). Here, the Court elects to follow the majority of courts which have remanded similar cases back to USCIS with instructions for a final determination. *See De*

*Donado v. Swacina*, 486 F. Supp. 2d 1360, 1365 (S.D. Fla. 2007); *Issa v. U.S. Citizenship & Immigr. Servs.*, No. 23-21817, 2023 WL 5992141, at *2 (S.D. Fla. Sept. 15, 2023) (remanding case concerning N-400 with instructions to make a decision within 120 days); *Williams v. U.S. Citizenship & Immigr. Servs.*, No. 23-61124, 2023 WL 7411688, at *1 (S.D. Fla. June 21, 2023) (remanding case with instructions to USCIS and noting that USCIS is better equipped to evaluate the merits of such applications); *Azaria v. Garland*, No. 22-20425, 2022 WL 3586425, at *1–2 (S.D. Fla. May 3, 2022) (remanding case concerning N-400 application to USCIS with instructions to make a decision within thirty days). Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. This case is **REMANDED** to USCIS for further proceedings.

2. Plaintiff shall serve Defendants with a copy of this Order.

3. Defendants are required to make a determination on Plaintiff's application for naturalization within **120 days** of the date of service of this Order.

4. The Clerk is directed to **CLOSE** this case.

5. All pending motions are **DENIED** as moot.

6. If Defendants have not complied with this Order within **120 days** of being served with a copy of this Order, Plaintiff may file a motion to reopen this case.

**DONE AND ORDERED** in Miami, Florida, this 30th day of January, 2025.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**